# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 10 - 00055 ODW (OPx) | Date | February 5, 2010 |
|---|---|---|---|

| Title | *Jose Alzate, et al. v. The Bank of New York Mellon* |
|---|---|

Present: The Honorable Otis D. Wright II, United States District Judge

| Tanya Durant | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) **Order to Show Cause**

On January 12, 2010 Defendant The Bank of New York Mellon filed a Notice of Removal with this Court, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C § 1332. However, removal appears to be improper for the reason(s) marked:

[ ]   The action was not removed within thirty days of the date the first defendant to be served was served with "a copy of the initial pleading setting forth the claim of relief." 28 U.S.C. § 1446(b); *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325-26, 143 L. Ed. 2d 448 (1999); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994).

[ ]   Removing party has not alleged when the first defendant to be served was served.

[ ]   Removing party has not alleged which defendants have been served and which have not.

**[X]   Removing party has not alleged when each served defendant was served.**

[ ]   Although the case may not have been initially removable, the action was not removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

[ ]   All defendants have not joined in the notice of removal. Generally, all served defendants must join in removal. *Chicago, Rocky Island, & Pac. Ry. Co. V. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900); *Parrino v. FHP, Inc.*, 146 F.3d 669, 703 (9th Cir. 1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but all plaintiffs are not diverse from all defendants. *See* 28 U.S.C. § 1332; *see also*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10 - 00055 ODW (OPx) | Date | February 5, 2010 |
|---|---|---|---|
| Title | *Jose Alzate, et al. v. The Bank of New York Mellon* | | |

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[ ]  Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but some of the defendants are California citizens. *See* 28 U.S.C. § 1441(b).

[ ]  A partnership or other unincorporated association is joined as a party. For diversity jurisdiction to be proper, none of the partners, including limited partners, can be a citizen of the same state as any opposing party. The citizenship of all the entity's partners must therefore be alleged. *Carden v. Arkoma Assoc.*, 108 L.Ed.2d 157 (1990); *United Steelworkers of Am. v. Bouligny*, 382 U.S. 145 (1965); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302 (9th Cir. 1987).

[X]  Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d). The Notice of Removal is deficient because: (a) the Notice of Removal does not state both the respective state(s) of incorporation and principal place of business, or (b) the jurisdictional averment by the Defendant(s) is patently insufficient under § 1332(c). Defendant(s) fail to offer adequate facts to support the assertion that the principal place of business stated in the Notice is the corporate party's principal place of business. The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business and where it employs persons and conducts its business. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to: (1) the location of the majority of the corporation's employees, tangible properties, and production activities; and (2) the location where most of the corporation's income is earned, purchases are made, and sales take place. *Indus. Tectonics*, 912 F.2d at 1094. **Defendant shall indicate the following: (1) percentage of gross revenue that it generates in California; (2) percentage of tangible property in California; and (3) percentage of employees located in California. Each Defendant shall also indicate the above information for the state(s) providing the top three percentage figures.**

[ ]  Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was *not* initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

[X]  Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but the matter in controversy does not appear to exceed $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10 - 00055 ODW (OPx) | Date | February 5, 2010 |
|---|---|---|---|
| Title | *Jose Alzate, et al. v. The Bank of New York Mellon* | | |

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of preemption but it does not appear that any of the claims are subject to complete preemption.

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the grounds of the artful pleading doctrine but the claims appear to be improperly pled.

[ ]   Other:

Accordingly, the Court orders Defendant to show cause in writing by **February 12, 2010** why this action should not be remanded. Plaintiff(s) may submit a response in the same time period. The Clerk shall serve this minute order on all parties to the action.

**IT IS SO ORDERED**

: 00

Initials of Preparer: _____TMD_____